## Lenore P. Heckard v. Harry A. Daugherty et al., Executors.

### Gen. No. 13,213.

STATUTE OF LIMITATIONS—*what not fraudulent concealment of cause of action.* Held, under the evidence in this case, that there was no fraudulent concealment of the cause of action which tolled the Statute of Limitations.

Contested claim in court of probate. Appeal from the Circuit Court of Cook County; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed April 18, 1907.

JOHN C. WILSON, for appellant.

JOSEPH W. MOSES, for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

March 1, 1904, appellant, formerly Lenore P. Pfau, filed in the Probate Court of Cook county a claim against the estate of James A. Fullenwider, deceased, whose executors the appellees are. The claim as filed is as follows:

> "Estate of James A. Fullenwider, Dr.
>            To Lenore P. Pfau.
> To cash collected from Firmenich Manufactur-
>    ing Company, June 12, 1894................$2,483.55
> By amount due him for Columbia Iron
>    and Steel Company..............$650.00
> Attorney's fee ................... 25.00       675.00
>                                             ─────────
>                                             $1,808.55
> With interest on $1,808.55 from June 12, 1894, at 5 per
> cent per annum."

The claim was dismissed by the Probate Court, and appellant appealed to the Circuit Court, where the jury, by direction of the court, found the issues for the appellees, and the court overruled a motion of appellant for a new trial

and rendered judgment for appellees on the verdict. There are only three assignments of error, which are: (1) That the court erred in instructing the jury to find in favor of the executors; (2) in dismissing appellant's claim; and (3) in rendering judgment against appellant for costs.

Fullenwider, as attorney for the Columbia Iron & Steel Company, in a suit in which the Ætna Iron Works was defendant, and the Firmenich Manufacturing Co. was garnishee, recovered judgment in the Superior Court of Cook county against said garnishee for the sum of $2,483.55, and it is claimed by the appellant that Fullenwider, by a stipulation entered into by him, in behalf of the Columbia Iron & Steel Co., was bound to pay to appellant the excess of that judgment over $675. The validity of appellant's claim was not contested on the trial, and therefore need not be more specially stated in this opinion. The defense relied on by appellees is that the claim was barred by the five year Statute of Limitations. It was proved on the trial, and was not controverted, that Fullenwider collected the amount of the judgment about June 13, 1894, and that he paid it to the Columbia Iron & Steel Co., less his fees, and that, in a month after June 12, 1894, he informed J. Louis Pfau, appellant's father, and who at the time was acting for appellant in the matter, that he, Fullenwider, had collected the judgment and had paid it to the Columbia Iron & Steel Co., less his fees, when said J. Louis Pfau demanded of Fullenwider, in behalf of appellant, $2,483 less $75. It further appears from the evidence that Bowen W. Schumacher, as attorney for appellant, in May, 1895, knew that Fullenwider had collected the judgment and made a like demand on him in behalf of appellant.

The five year Statute of Limitations began to run, at least, from the time appellant discovered that Fullenwider had collected the money due on the judgment, which time was about July 12, 1894, and appellant's claim was not presented to the court until March 6, 1904. It is contended by appellant's counsel that there was fraudulent concealment on the part of Fullenwider, within the meaning of section 22

of the Statute of Limitations, which section is as follows: "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards." Hurd's Statutes of 1905, p. 1334.

The alleged fraudulent concealment is, that the money collected on the judgment by Fullenwider was not paid to the Columbia Iron & Steel Co., as he stated to appellant's father, but to one O'Brien, who, as the evidence shows, was an attorney of the company, residing in Pittsburg, Pennsylvania, to whom the collection of the judgment was entrusted by the vice-president of the Columbia Iron & Steel Co., and who employed Fullenwider.

Appellant's counsel offered to prove on the trial that Mr. Pfau, appellant's father, did not, until the latter part of June, 1899, acquire any information which led him to believe that the money was not, in fact, "handed over" to the Columbia Iron & Steel Co. This offer of evidence the court, on objection, excluded, and counsel contend this was error. There is no assignment of error under which this objection can be urged. However, if there were such assignment, it would not avail appellant. The excluded evidence was offered, apparently, in view of the testimony of Mr. Pfau and Mr. Schumacher, that Fullenwider said he had paid the money to the Columbia Iron & Steel Co. A corporation can receive money only by an officer or agent, and if Fullenwider paid the money to O'Brien, who had been entrusted by the company with its collection, he paid it to the company. Section 22 applies only when one "fraudulently conceals the cause of * * * action." The cause of action was the collection of the money by Fullenwider and the nonpayment by him to appellant of her share of it. This he did not conceal, but expressly avowed it. No disposition which he made or might have made of the money could affect, in the least, appellant's cause of action.

The jury could not, on the evidence, have reasonably ren-

dered a verdict otherwise than they did, and the instruction of the court was correct.

We find no reversible error in the record, and the judgment will be affirmed.

*Affirmed.*